**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210320-U

Order filed February 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| JOHNNIE C., | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Petitioner-Appellant, | ) | Rock Island County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0320 |
| | ) | Circuit No. 18-F-339 |
| TANISHIA Y., | ) | |
| | ) | The Honorable |
| Respondent-Appellee. | ) | Linnea E. Thompson, |
| | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Davenport and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err when it denied the petitioner's requests for visitation
                time with the minor.

¶ 2     The petitioner, Johnnie C., filed a petition for allocation of parental responsibilities in

which he sought visitation time with the minor child he had with the respondent, Tanishia Y.

The circuit court denied the petition, as well as a subsequent motion Johnnie filed that also

requested visitation time. On appeal, Johnnie argues that the circuit court erred when it denied

his request for parenting time with the minor. We affirm.

¶ 3                                    I.  BACKGROUND

¶ 4        In September 2018, Johnnie filed several *pro se* petitions for allocation of parental

responsibilities that sought significant decision-making rights regarding, and visitation with, the

parties' minor child (born October 7, 2006).

¶ 5        The guardian *ad litem* (GAL) compiled a report on July 9, 2019, after interviewing the

parties. Based on those interviews, which included discussions regarding Johnnie's 2012

paranoid schizophrenia diagnosis and comments he had made about having sexual intercourse

with underaged girls, the GAL recommended he undergo mental health and sex offender

evaluations and follow any treatment recommendations before he could be allowed to

communicate or visit with the minor.

¶ 6        On February 11, 2020, Johnnie filed a motion to continue with the circuit court, alleging

that he had been accused of a crime that he did not commit and that he was currently being held

in jail in Davenport, Iowa.

¶ 7        On April 16, 2020, the circuit court held a hearing on Johnnie's petition for allocation of

parental responsibilities. Johnnie was not present, nor was any counsel present on his behalf. The

order stated in part that

> "The Court is advised that the Petitioner is currently in custody in
>
> Scott County, on a pending Burglary/Assault with injury charges.
>
> The Court finds that it cannot hold arrest alone against any party;
>
> however, the effect of the Petitioner's ongoing arrest/detainments
>
> have had an impact on proceedings."

After stating that it had considered all evidence presented, including the GAL reports and mental

health records, the court denied Johnnie's petition, reserved the issue of child support, and

ordered no contact between Johnnie and the minor. No report of proceedings from that hearing has been filed with the record on appeal.

On May 26, 2021, Johnnie filed a motion that requested parenting time with the minor. The circuit court denied the motion the next day, but granted Johnnie leave to amend it. Johnnie filed an amended motion requesting parenting time on June 17. In his amended motion, he stated that he had been found not guilty of the crime for which he had been detained and that "[i]f Reunification still needs to be set then I do have a counselor ***." He provided the counselor's name, phone number, and address.

¶ 8      On July 23, 2021, the circuit court held a hearing on Johnnie's motion. In issuing its ruling denying the motion, the court stated:

> "when I entered my order a year and a half ago at the time when you were over in Scott County Jail that was not the reason I denied visitation. I had heard a lot of evidence up until that point. I had considered the investigation and report that was filed by [the GAL] who had contact with you and the mother and the child, with the various counselors, and reported openly to the court. I have to consider all of the evidence that I heard and the length of time that has passed."

¶ 9      Johnnie appealed.

¶ 10      II.  ANALYSIS

¶ 11      On appeal, Johnnie argues that the circuit court erred when it denied his request for parenting time with the minor. He asserts that there were no "ongoing arrests or detentions" that

interfered with his ability to pursue reunification. He also alleges, without argument, that he did not receive the court's order of April 16, 2020, until he was in court in May 2021.

¶ 12     Tanishia has not filed an appellee's brief with this court. However, we will address the merits because we find the record in this case to be simple and the claimed errors easy to resolve without the aid of an appellee's brief. *First Capitol Mortgage v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13     Section 603.10 of the Illinois Marriage and Dissolution of Marriage Act authorizes the circuit court to restrict parental responsibilities as necessary to protect the minor "if the court finds by a preponderance of the evidence that a parent engaged in any conduct that seriously endangered the child's mental, moral, or physical health or that significantly impaired the child's emotional development ***." 750 ILCS 5/603.10 (West 2020). One such restriction can be "restraining a parent's communication with or proximity to the other parent or child[.]" *Id.* § 603.10(a)(4).

¶ 14     Section 603.10(b) governs the modification of an order that restricted parental responsibilities. *Id.* That section provides, in relevant part, that modification of such an order is allowed only "if, after a hearing, the court finds by a preponderance of the evidence that a modification is in the child's best interests based on (i) a change of circumstances that occurred after the entry of an order restricting parental responsibilities; or (ii) conduct of which the court was previously unaware that seriously endangers the child." *Id.*

¶ 15     In this case, the record reveals that Johnnie presented no evidence or argument at the hearing on July 23, 2021, that a change of circumstances had occurred that would permit a modification of the court's order in which his parental responsibilities were restricted. Further, Johnnie does not argue on appeal that such a change occurred. Accordingly, there is no basis for

this court to find error in the circuit court's order of July 23, 2021. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that the failure to include argument or supporting authority results in the forfeiture of the issue).

¶ 16     We further emphasize that the only matter properly before us on appeal is the propriety of the circuit court's order of July 23, 2021. We reject Johnnie's request for us to review whether "ongoing arrests or detentions" either occurred or were a basis for the circuit court's order of April 16, 2020.

¶ 17     We also hold that Johnnie has forfeited any argument related to when he received notice of the court's order of April 16, 2020, because he has not provided any argument on that allegation. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 18                    III.  CONCLUSION

¶ 19     The judgment of the circuit court of Rock Island County is affirmed.

¶ 20     Affirmed.